**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANITA PORTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 10 CV 5765 |
| vs. | ) | Hon. Virginia M. Kendall |
| | ) | Magistrate Hon. Maria Valdez |
| LARRY EMMERT, and | ) | |
| DECKER TRUCK LINE, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW

**NOW COMES** Plaintiff, Anita Porter, by and through counsel, the Dinizulu Law Group, Ltd., and hereby complains against Defendants Larry Emmert and Decker Truck Line, Inc., as follows:

### GENERAL ALLEGATIONS

1.  Plaintiff Anita Porter, during all relevant times was a resident of the City of Chicago, County of Cook, State of Illinois.

2.  The subject motor-vehicle accident occurring on or about September 17, 2008 took place in the City of Chicago, County of Cook, State of Illinois.

3.  At all times relevant, Defendant Decker Truck Line, Inc. (hereinafter "Decker") was engaged in the business of operating tractor trailers on the roads and highways of the State of Illinois moving freight in interstate commerce.

4.  Defendant Larry Emmert is and at all times relevant was a resident of the City of Marshalltown, County of Marshall, State of Iowa.

5.  Defendant Decker Truck Line, Inc. is an Iowa Corporation with its principal place of business in Fort Dodge, Iowa and a BOC-3 agent in the State of Illinois pursuant to the FMCSA who has been identified as Patrick H. Smyth of Patrick H. Smyth, & Associates.

6.  At all times, relevant hereto, Larry Emmert was an agent and/or employee of Decker Truck Line, Inc.

7.  The amount in controversy exceeds $50,000.00.

## JURISDICTION AND VENUE

8.  Plaintiff adopts and incorporates the allegations contained in Paragraphs 1-7 as if fully set forth herein.

9.  This Court has jurisdiction over Defendant Decker pursuant to 735 ILCS 5/2-209 because Defendant Decker transacts business in the State of Illinois, including, but not limited to, the business of operating tractor trailers on the roads and highways of the State of Illinois moving freight in interstate commerce.

10. The subject motor-vehicle accident occurring on or about September 17, 2008 took place in the City of Chicago, County of Cook, State of Illinois.

11. At all times relevant, Plaintiff Anita Porter was a citizen of the State of Illinois.

12. Venue is proper in Cook County, State of Illinois.

## COUNT I – NEGLIGENCE - LARRY EMMERT

13. Plaintiff adopts and incorporates the allegations contained in Paragraphs 1-12 as if fully set forth herein.

14. On or about September 17, 2008 the Defendant Larry Emmert was driving a tractor-trailer truck licensed plate number PK8279, owned by Defendant Decker in the course of his agency with Decker.

15. Defendant Emmert was traveling southbound on Interstate 55 and rear ended Plaintiff.

16. As a direct and proximate result of Defendant Emmert's negligence Plaintiff was violently thrown about her vehicle, injuring her shoulder and tearing her rotator cuff.

17. At all times relevant, Defendant Larry Emmert was operating the tractor trailer at issue in this matter to advance the business and economic interests of the Defendant Decker Truck Line, Inc.

18. At all times relevant, Defendant Emmert owed a duty to Plaintiff as a member of the motoring public to operate the tractor trailer at issue in a reasonably safe and careful manner.

19. At all times relevant, Defendant Emmert owed a duty to Plaintiff as a member of the motoring public to conduct its motor carrier operations in compliance with the Federal Motor Carrier Safety Regulations and all other laws.

20. Defendant Larry Emmert had a duty to do the following:

    a. To make proper observations;

3

    b. To follow at a safe distance;

    c. To exercise due care and caution;

    d. To have his vehicle under control.

21.     Defendant Emmert breached his duty to Plaintiff when he:

    a. Failed to operate the tractor trailer at issue in accordance with all applicable Federal Motor Carrier Safety Regulations and all other applicable laws;

    b. Failed to maintain a careful and vigilant lookout;

    c. Operated the tractor trailer at a speed that was too fast for conditions;

    d. Failed to stop in time to avoid colliding with Plaintiff;

    e. Failed to make proper observations;

    f. Failed to follow at a safe distance;

    g. Failed to exercise due care and caution while operating a vehicle;

    h. Failed to have his vehicle under control and allowing it to collide with the Plaintiff;

    i. Failed to maintain standard fitness safety pursuant to FMCSR Sec. 385.5;

    j. Failed to have the required knowledge and use the motor vehicle safety control system pursuant to FMCSR Sec. 383.111(b);

    k. Failed to have the required knowledge and use proper visual search in violation of FMCSR Sec. 383.111(c)5;

l. Failed to have the required knowledge and manage speed pursuant to FMCSR Sec. 383.111(c)7;

m. Failed to have the required knowledge and control of the space around the vehicle pursuant to FMCSR Sec. 383.111(c)(8);

n. Failed to exercise due care and caution;

o. and was otherwise negligent in the operation of the tractor trailer at issue.

22. The Defendant's acts and omissions were the cause in fact and the proximate cause of Plaintiff's injuries.

23. As a direct and proximate result of Defendant's acts and omissions, Plaintiff has sustained injuries to her shoulder.

24. Plaintiff has also incurred excessive and expensive medical bills associated with the Defendant's acts and omissions; and her suffering includes but is not limited to: Pain, suffering, past and future, denial of everyday social pleasures and other non-economic loss and damage.

WHEREFORE, Plaintiff Anita Porter, requests judgment against the Defendant, Larry Emmert, in excess of the jurisdictional amount of this court, and any other relief this court deems just and proper.

## COUNT II – NEGLIGENCE - DECKER TRUCK LINE, INC.

25. Plaintiff adopts and incorporates the allegations contained in Paragraphs 1-24 as if fully set forth herein.

26.   Defendant Decker is and at all times relevant was an interstate motor carrier operating under USDOT Number 53824.

27.   The tractor trailer driven by Larry Emmert at the time of the accident at issue in this matter was being operated under the operating authority of Defendant Decker.

28.   At all times relevant, Larry Emmert was operating the tractor trailer at issue in this matter with the permission of Defendant Decker.

29.   At all times relevant, Defendant Decker owed a duty to Plaintiff as a member of the motoring public to conduct its motor carrier operations in a reasonably safe and careful manner.

30.   At all times relevant, Defendant Decker owed a duty to Plaintiff as a member of the motoring public to conduct its motor carrier operations in compliance with the Federal Motor Carrier Safety Regulations and all other applicable laws.

31.   Defendant Decker breached its duty to Plaintiff when it failed to ensure that Defendant Emmert operated the tractor trailer he was driving in accordance with all applicable Federal Motor Carrier Safety Regulations and all other applicable laws.

32.   Defendant Decker breached its duty to Plaintiff when it failed to ensure that the tractor trailer operated by Defendant Emmert on the day of the accident was operated and maintained in a reasonably safe manner.

33.   Defendant, Decker, by and through its employee and/or agent, Larry Emmert had a duty to do the following:

   a. To maintain standard fitness safety pursuant to FMCSR Sec. 385.5.

   b. To have the required knowledge and use the motor vehicle safety control system pursuant to FMCSR Sec. 383.111(b).

   c. To have the required knowledge and use proper visual search in violation of FMCSR Sec. 383.111(c)5.

   d. To have the required knowledge and use communication principle and procedures pursuant to FMCSR Sec. 383.111(c)6.

   e. To have the required knowledge and manage speed pursuant to FMCSR Sec. 383.111(c)7.

   f. To have the required knowledge and control the space around the vehicle pursuant to FMCSR Sec. 383.111(c)(8).

   g. To exercise due care and caution;

   h. To have his vehicle under control.

34.   Defendant Decker by and through its employee and/or agent, Larry Emmert, breached the duty of care by the following:

   a. Failed to maintain standard fitness safety pursuant to FMCSR Sec. 385.5.

   b. Failed to have the required knowledge and use the motor vehicle safety control system pursuant to FMCSR Sec. 383.111(b).

7

c. Failed to have the required knowledge and use proper visual search in violation of FMCSR Sec. 383.111(c)5.

d. Failed to have the required knowledge and use communication principle and procedures pursuant to FMCSR Sec. 383.111(c)6.

e. Failed to have the required knowledge and manage speed pursuant to FMCSR Sec. 383.111(c)7.

f. Failed to have the required knowledge and control of the space around the vehicle pursuant to FMCSR Sec. 383.111(c)(8).

g. Failed to exercise due care and caution;

h. Failed to have his vehicle under control; and

i. Was otherwise negligent.

35. Defendant Decker, by and through its employee and/or agent Larry Emmert, caused

and/or was the proximate cause of Plaintiff's injuries.

36. As a direct and proximate result of the aforementioned breaches, Plaintiff suffered physical injuries resulting in injuries to her shoulder not limited to but including a torn rotator cuff.

37. Plaintiff has also incurred excessive and expensive medical bills associated with the Defendant's acts and omissions; and her suffering includes but is not limited to: Pain, suffering, past and future, denial of everyday social pleasures and other non-economic loss and damage.

38. At all times relevant, Defendant Emmert was an employee and/or agent of Defendant Decker.

39. At all times relevant Defendant Emmert was acting in the scope of his employment and /or agency.

40. Defendant Decker is liable to Plaintiff as alleged above under the doctrine of respondeat superior.

Wherefore, Plaintiff Anita Porter, requests judgment against the Defendant, Decker Truck Line, Inc., in excess of the jurisdictional amount of this court, and any other relief this court deems just and proper.

Respectfully submitted,

_/s/ Yao O. Dinizulu_____
Yao O. Dinizulu

Attorney for Plaintiff
Dinizulu Law Group, Ltd.
221 North La Salle, Suite 1100
Chicago, Illinois 60601
Telephone: (312) 384-1920
Facsimile: (312) 384-1921
Dinizulu@dinizululawgroup.com
ARDC No. 6242794

## **CERTIFICATE OF SERVICE**

I, Yao O. Dinizulu, hereby certify that on the 29th Day of September 2010, the foregoing pleading was filed electronically. Notice of this electronic filing will be sent to all parties of record by the operation of the Court's electronic filing system. Notice has been electronically mailed to:

Donald W. Devitt
ddevitt@scopelitis.com

James D. Ellman
jellman@scopelitis.com

James M. Magiera
jmmagiera@scopelitis.com

/s/ Yao O. Dinizulu
Attorney for Plaintiff

Attorney for Plaintiff
Dinizulu Law Group, Ltd.
221 North La Salle, Suite 1100
Chicago, Illinois 60601
Telephone: (312) 384-1920
Facsimile: (312) 384-1921
Dinizulu@dinizululawgroup.com
ARDC No. 6242794